UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-03049 |
| | § | |
| $1,005,470.63 SEIZED FROM FIRST SERVICE CREDIT UNION ACCOUNT x8155, Defendant. | § | |

**UNITED STATES' MOTION FOR**
**FINAL JUDGMENT OF FORFEITURE BY DEFAULT**

The United States moves for entry of default and for a final judgment of forfeiture for $1,005,470.63 in seized funds that are subject to forfeiture as proceeds of health care fraud and as property involved in money laundering.

**Nature and Stage of Proceeding**

On June 25, 2026, the United States filed an action for forfeiture *in rem* against $1,005,470.63 seized from a First Service Credit Union Account with an account number ending in 8155 (the "Defendant Property"). The Complaint alleged that Bun Khath and others defrauded United States taxpayers by conspiring to pay and receive kickbacks so that they could benefit financially by billing Medicare for expensive skin wound grafts. As a result of the conspiracy, Medicare in 2025 paid over $4 million for 10 patients for wound graft claims which were procured with kickbacks in violation of federal law. The Complaint alleged that the Defendant Property is subject to forfeiture because it constitutes proceeds of federal health care fraud and is property involved in money laundering.

The United States published notice of the forfeiture and sent notice of the civil forfeiture complaint to the account holder and other potential parties. No party has filed a claim asserting an interest in the Defendant Property, and the United States seeks a default judgment of forfeiture so it can ultimately return the funds to the fraud victim Medicare.

**Statement of the Issue**

The issue before the Court is whether the United States is entitled to a default judgment of forfeiture for the $1,005,470.63 in seized funds. Rule 55 of the Federal Rules of Civil Procedure provides that a default is appropriate when a party "has failed to plead or otherwise defend." Appellate courts review the entry of a default judgment for abuse of discretion. *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 495 (5th Cir. 2015).

**Summary of the Argument**

The Complaint filed in this case sets forth sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. The United States has satisfied the Rule G requirements for publication and provided notice of forfeiture to the account holder, as shown below. No party has filed a claim in this matter, the deadlines have run, and a default judgment should be granted against the seized funds.

**Argument and Authorities**

The Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules") provide that in a civil forfeiture case, a person who wishes to assert an interest in the defendant property must file a claim by the time stated in the direct notice sent under Rule G(4)(b) or no later than 30 days after final publication. *See* Rule G(5)(a)(ii).

**A. The Rule G Requirements were Satisfied**

Rule G of the Supplemental Rules provides that in a civil forfeiture case, there must be a warrant of arrest *in rem* (Rule G(3)(b)(i)). The U.S. Department of the Treasury (Internal Revenue Service – Criminal Investigations) has custody of the Defendant Property and executed the Warrant of Arrest on May 19, 2026 (Dkt No. 7). The United States also published notice of the forfeiture and sent notice that was "reasonably calculated" to reach the account holder and other potential claimants, all in accordance with Rule G(4).

1. Publication Notice

Rule G(4)(a) requires the United States to publish the forfeiture action. Publication in this case commenced on May 19, 2026 (Dkt No. 8), and potential claimants had 60 days after that date to file a claim. No party filed a claim in response to the publication notice, and the time to do so expired on July 20, 2026.

2. Direct Notice to Potential Claimants

In addition to publication notice, Rule G(4)(b) requires that notice be sent to any person who reasonably appears to be a potential claimant. Pursuant to Rule G(4)(b)(iii)(A), notice may be sent by means "reasonably calculated to reach the potential claimant." As shown below, the United States sent notice that was reasonably calculated to reach the account holder and other potential claimants and set a deadline that was at least 35 days after the notice was sent.

As stated in its Certificate of Service on Potential Claimants (Dkt No. 9), on June 2, 2026, the United States sent a Notice and a copy of the Complaint to Bun Khath in prison

by certified mail, return receipt requested, and the green card receipt was signed on June 8, 2026. The United States on June 5, 2026, sent notice to Wafa Hamo and to the bank account title holder KJSJ Healthcare LLC, through their attorney who accepted service. All three Notices stated a deadline of July 13, 2026, to file a claim. No claims have been filed.

The United States submits that it complied with its notice obligations under Rule G.

**B. The Complaint Set Forth a Sufficient Factual Basis**

The Complaint filed in this case sets forth "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f). The Complaint alleges a conspiracy to pay and receive kickbacks in violation of the federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and commit health care fraud in violation of 18 U.S.C. §§ 1347 & 1349.

The Complaint alleges that Khath as the wound graft "distributor" agreed to pay a marketer a percentage of the fraud proceeds if the marketer could recruit patients to be treated with wound care products and Medical Providers to treat the patients. Khath provided wounds grafts to the Medical Providers at no upfront cost, and once Medicare had paid, the Medical Providers would retain an agreed-upon percentage of the payment and kick back the remaining funds to Khath, who then paid the marketer. The Complaint alleged that in 2025, as a result of the conspiracy, Medicare paid two Medical Providers over $4 million for 10 patients for wound graft claims which were procured with illegal kickbacks.

The Complaint alleged that over time, Bun Khath received his share of the fraudulent Medicare proceeds through three different bank accounts held in the names of three companies, including a bank account in the name of KJSJ Healthcare LLC, which a friend set up but Khath controlled. The Complaint described the three bank accounts, the deposits of fraud proceeds, and the money movement.

The Complaint showed how Khath consolidated his health care fraud proceeds into the KJSJ Healthcare account, from which the $1,005,470.63 Defendant Property was seized. The Complaint also explained that the funds being deposited and transferred were property involved in money laundering in violation of Section 1956 (to "conceal or disguise" the ownership and control of fraud proceeds) and Section 1957 (financial transactions containing more than $10,000 in proceeds of specified unlawful activity).

The United States contends that the Defendant Property constitutes the proceeds of federal health care fraud in violation of 18 U.S.C. §§ 1347 & 1349 and 42 U.S.C. § 1320a-7b(b); and is also property involved in money laundering in violation of 18 U.S.C. §§1956 & 1957. The Defendant Properties are thus subject to civil forfeiture pursuant to 18 U.S.C. §§981(a)(1)(C), 981(a)(1)(A), and 984.[1]

[1] It is a policy of the United States Department of Justice (DOJ) to ensure that victims of crime receive restitution for their losses to the fullest extent possible. In this case, Medicare can submit a petition for remission (which is the mechanism used in the absence of a criminal case with a restitution order) to make a claim to the forfeited property, pursuant to 21 U.S.C. §853(i) and 28 C.F.R. §9.8(a). Upon a final judgment of forfeiture, the U.S. Attorney's Office intends to recommend to the Money Laundering, Narcotics and Forfeiture Section of the DOJ that it grant Medicare's petition and provide the forfeited property as partial compensation for Medicare's loss.

**C. <u>The United States is Entitled to a Final Default Judgment of Forfeiture</u>**

Rule 55 of the Federal Rules of Civil Procedure provides that a default is appropriate when a party "has failed to plead or otherwise defend." A court may grant a default judgment in a civil forfeiture case against property when potential claimants were served with notice but failed to file a claim and answer. *See United States v. $30,000.00 in U.S. Currency*, Civil No. H-12-0471, 2012 WL 12905788 (S.D. Tex. July 24, 2012); *United States v. Approximately $18,000.00 in U.S. Currency,* No. EP-14-CV-0129, 2015 WL 1003872 (W.D. Tex. Mar. 5, 2015).

In this case, the United States published notice and sent notice to the account holder KJSJ Healthcare LLC and two potential claimants, Bun Khath and Wafa Hamo. No party has filed a claim, and the United States would be prejudiced if it had to expend further time and effort in an action with no opposing party.

**Conclusion**

The filing deadlines for potential claimants have passed, and no claims were filed. The grounds for default are clearly established in accordance with Supplemental Rule G(4)(b) and Rule 55 of the Federal Rules of Civil Procedure. The United States submits that the account holder and any other potential claimants should be defaulted, and a final judgment of forfeiture of the Defendant Property should be granted to the United States.

A proposed order is attached for the Court's consideration.

Respectfully submitted,

AARON F. REITZ
United States Attorney

By: *s/ Kristine E. Rollinson*
Kristine E. Rollinson
SDTX Federal No. 16785
Texas State Bar No. 00788314
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
tel. (713) 567-9000

**CERTIFICATE OF SERVICE**

A true and correct copy of this document was filed of record via electronic court filing on July 21, 2026, although there are no other parties to this suit.

*s/ Kristine E. Rollinson*
Kristine E. Rollinson